IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO M. BOGAN, #R29595, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19−cv−00590−NJR ) |
| WEXFORD HEALTH SOURCES, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, | ) ) ) ) ) ) |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Antonio M. Bogan, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Bogan claims Defendants, Wexford Health Sources ("Wexford") and John Does 1-3 (members of Wexford's utilization management team) have denied and/or delayed necessary medical treatment for a painful cyst in his throat. He seeks monetary damages and injunctive relief in the form of surgery to relieve the swelling and pain in his throat.

The Court must review the Complaint under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

# THE COMPLAINT

Bogan makes the following allegations in the Complaint (Doc. 1): In December 2018, while Lawrence was on lockdown, Bogan's throat swelled to three times its normal size. (Doc. 1, p. 9). During the lockdown, Bogan submitted numerous requests for treatment, all of which went unanswered. *Id.* Five to eight days later, when the lockdown ended, Bogan was examined by a physician. *Id.* The physician ordered blood tests and prescribed oral antibiotics, injectable antibiotics, and Ibuprofen. *Id.* Approximately six days later, a nurse practitioner examined Bogan. *Id.* She told Bogan he had a thyroid abscess and prescribed additional antibiotics and Ibuprofen. *Id.* The initial treatment provided some relief, however, the pain and swelling soon returned. *Id.* Accordingly, the nurse practitioner ordered an ultrasound. *Id.* at p. 10.

On January 31, 2019, after experiencing additional difficulties obtaining treatment, Bogan filed an emergency grievance. (Doc. 1, pp. 10, 15-16). The warden deemed the grievance an emergency and, on February 11, 2019, Bogan was examined by an outside specialist. (Doc. 1, pp. 10, 17). The specialist told Bogan he had a cricoid cyst and would need surgery to relieve the pain and swelling. He also said that Bogan needed an MRI prior to proceeding with surgery. *Id.*

Bogan could not obtain an MRI without approval from Wexford's utilization management team members (John Does 1-3). *Id.* Accordingly, over the next few weeks, Bogan repeatedly sought approval for an MRI. (Doc. 1, pp. 10-11, 18-22). On April 2, 2019, after filing a second emergency grievance, Bogan finally received an MRI. (Doc. 1, p. 11). After completing the MRI, however, Bogan received no additional treatment and, as of the date of filing, had not been approved for surgery. *Id.*

According to Bogan, John Does 1-3 are subject to liability for repeatedly denying and/or delaying necessary treatment for his cricoid cyst (an MRI and surgery, as recommended by the

outside specialist). He also claims that Wexford and John Does 1-3 are subject to liability because they have a "practice of denying or delaying medical treatment of serious medical needs." *Id.* As a result, Bogan claims he has experienced, and continues to experience, unnecessary pain and suffering. *Id.*

## DISCUSSION

Based on the allegations in the Complaint, the Court designates a single claim:

**Count 1:** Eighth Amendment claim against Wexford Health Sources and John Does 1-3 for deliberate indifference to Bogan's serious medical needs regarding his cricoid cyst.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Prison officials may be liable for an Eighth Amendment violation if they are "deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A condition is considered sufficiently serious if the failure to treat it could result in the unnecessary and wanton infliction of pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Additionally, "[d]eliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers 'blatantly inappropriate' medical treatment, *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007), acts in a manner contrary to the recommendation of specialists, *Arnett*, 658 F.3d at 753, or delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2019)(citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Bogan's allegations that John Does 1-3 delayed and/or denied necessary medical treatment (an MRI and surgery), as recommended by a specialist, causing unnecessary pain and suffering are sufficient to survive screening.

Count 1, however, does not survive review against Wexford. According to the Complaint, Wexford, through its utilization management team, is responsible for approving or denying procedures such as MRIs and surgeries. Normally, a private corporation is shielded from vicarious liability under Section 1983. *Wilson v. Wexford Health Sources, Inc.,* 932 F.3d 513, 521 (7th Cir. 2019). In the prison context, however, Wexford is presumed to act under color of state law and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi-Car, Inc.,* 300 F. 3d 760, 766 n. 6 (7th Cir. 2002). Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. *See Perez,* 792 F.3d at 780 & n. 5.

Here, Bogan identifies no specific policy or custom attributable to Wexford, and he cannot rely on a vague allegation that Wexford has "a practice of denying or delaying medical treatment of serious medical needs." (Doc. 1, p. 11). Bogan's failure to identify a concrete policy or affirmative act on the part of Wexford is fatal to his claims against this defendant. *See Olive v. Wexford Corp.*, 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" deemed insufficient to support claim against medical corporation).

Count 1 will therefore proceed against John Does 1-3 but will be dismissed against Wexford Health Sources.

## MOTION FOR RECRUITMENT OF COUNSEL

Bogan has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[2] Bogan discloses several unsuccessful efforts to contact attorneys via written correspondence and includes letters from three law offices declining representation. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Bogan indicates that, although he has some college education, he lacks the medical expertise necessary to pursue his claims. Nonetheless, the Court finds that Bogan can proceed *pro se*, at least for now. His pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Bogan appears competent to try this matter without representation at this time. Once discovery has commenced, if Bogan has significant difficulty, he may refile his motion.

## WARDEN OF LAWRENCE

Because Bogan is seeking injunctive relief, the Clerk shall be **DIRECTED** to add the warden of Lawrence, Dr. Deanna Brookhart, in her official capacity, as a defendant in this action. *See* FED. R. CIV. P. 17(d) & 21; *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

Dr. Brookhart will also be responsible for responding to discovery aimed at identifying John Does 1-3. *See* FED. R. CIV. P. 21; *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Bogan shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

---

[2] In evaluating Bogan's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

INJUNCTIVE RELIEF

Bogan's request for injunctive relief shall be treated as a request for relief at the close of the case. If Bogan needs more immediate relief, he should file a motion for a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

DISPOSITION

**IT IS ORDERED** that the **Complaint** (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **John Does 1-3** and is **DISMISSED** against **Wexford Health Sources**. In addition, the Clerk of Court is **DIRECTED** to add **Warden Dr. Deanna Brookhart** (official capacity only) as a defendant in the Court's Case Management/Electronic Case Filing ("CM/ECF") system. **Brookhart** is responsible for responding to discovery aimed at identifying John Does 1-3 and for carrying out any injunctive relief that is ordered.

The Clerk of Court is **DIRECTED** to terminate **Wexford Health Sources** from the Court's CM/ECF system.

**IT IS FURTHER ORDERED** that Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice, and the Motion for Case Status (Doc. 7) and Motion for Case Status (Doc. 8) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Brookhart** (official capacity only) and, once identified, **John Does 1-3**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 3), and this Memorandum and Order to each Defendant's place of employment as identified by Bogan. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the

forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unknown defendants until Bogan has identified them by name in a motion for substitution of parties. Bogan is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Bogan, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Bogan, and the judgment includes the payment of costs under Section 1915, Bogan will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Bogan is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 28, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Bogan is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Bogan need not submit any evidence to the Court at this time, unless specifically directed to do so.**