**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTONIO M. BOGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-590-NJR** |
| | ) | |
| | ) | |
| **JOHN DOE #1, JOHN DOE #2, JOHN** | ) | |
| **DOE #3, and DEANNA BROOKHART,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff's motion for leave to amend complaint (Doc. 15). Plaintiff has submitted a proposed First Amended Complaint for the Court's review. In short, Plaintiff seeks to dismiss the John Doe defendants and substitute named defendants. He identifies Vipin Shah, S. Stover, and Lynn Pittman as named defendants. He also seeks to reallege his previously dismissed claim against Wexford Health Sources, Inc. and add an additional claim against the defendants.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Any new claims are also subject to a review of the merits pursuant to 28 U.S.C. § 1915A.

Plaintiff has identified three counts in his First Amended Complaint as follows:

**Count 1:** **Vipin Shah, S. Stover, and Lynn Pittman were deliberately indifferent in treating Plaintiff's cricoid cyst in violation of the Eighth Amendment.**

1

**Count 2:** **Wexford Health Sources, Inc. was deliberately indifferent in the treatment of Plaintiff's cricoid cyst in violation of the Eighth Amendment.**

**Count 3:** **Vipin Shah, S. Stover, Lynn Pittman, and Wexford Health Sources, Inc. treatment of Plaintiff's cyst constituted intentional infliction of emotional distress.**

To the extent that Plaintiff seeks to dismiss the John Doe defendants and add Vipin Shah, S. Stover, and Lynn Pittman in Count 1, the Court **GRANTS** his request. The proposed First Amended Complaint adequately alleges that Shah, Stover, and Pittman were deliberately indifferent in treating Plaintiff's cricoid cyst. Plaintiff alleges that he saw Shah, Stover, and Pittman on numerous occasions and that they delayed treatment and surgery for his cyst, as well as failed to treat the pain caused by the cyst. Accordingly, the Clerk is **DIRECTED** to **TERMINATE** John Doe #1, John Doe #2, and John Doe #3 and **ADD** Vipin Shah, S. Stover, and Lynn Pittman to the docket.

Plaintiff also seeks to reinstate his claim against Wexford. Plaintiff's claim for deliberate indifference against Wexford was previously dismissed because he failed to point to an unconstitutional policy or practice that caused his constitutional deprivation (Doc. 10, p. 4). Plaintiff's First Amended Complaint alleges in Count 2 that Wexford had a number of policies which led to his unconstitutional care to include: a policy and practice of denying pain-relieving medications, delaying orders and recommendations to outside physicians by marking that the request was not urgent, delaying follow-up appointments, and delaying important medical procedures. The Court finds that these new allegations adequately state a claim against Wexford.

Finally, Plaintiff seeks to add a claim of intentional infliction of emotional distress against the defendants under Illinois law. He alleges that their conduct caused him severe emotional distress to include: anxiety, difficulty eating and sleeping, inability to focus on everyday activities,

and fear of dying as a result of the cyst. Plaintiff alleges that defendants delayed his care with the intent to cause him emotional distress. At this stage, the allegations in the First Amended Complaint state a viable claim for intentional infliction of emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006); *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion for leave to amend complaint (Doc. 15). The Clerk is **DIRECTED** to **FILE** the First Amended Complaint on the docket. The Clerk is further **DIRECTED** to **TERMINATE** the John Doe defendants from the docket and **ADD** Vipin Shah, S. Stover, and Lynn Pittman. The Clerk is further **DIRECTED** to **SERVE** Vipin Shah, S. Stover, Lynn Pittman, and Wexford Health Sources, Inc. in accordance with the Court's threshold order (Doc. 10). As Deanna Brookhart was only in the case for purposes of identifying the John Doe defendants, the Court **DISMISSES without prejudice** Deanna Brookhart. Brookhart's pending Motion to Dismiss (Doc. 17) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: 1/7/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**