IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO M. BOGAN,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
VIPIN SHAH, S. STOVER, and
LYNN PITTMAN,

    Defendants.

Case No. 3:19-CV-00590-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Compel (Doc. 82) (characterized as motion to "Eradicate"), a Motion for Blank Subpoena Forms (Doc. 89), and a Motion for Appointment of Counsel (Doc. 90) filed by Plaintiff Antonio M. Bogan. For the reasons set forth below, the Court denies the Motion to Compel and the Motion for Counsel and grants the Motion for Forms.

Bogan filed this action in June 2019, alleging civil rights claims relating to medical treatment received during his incarceration with facilities operated by the Illinois Department of Corrections ("IDOC"). Upon preliminary screening on October 28. 2019, the undersigned permitted Bogan to proceed with this action upon three counts:

**Count 1**    Vipin Shah, Sara Stover, and Lynn Pittman were deliberately different in treating Plaintiff's cricoid cyst in violation of the Eighth Amendment;

**Count 2:**    Wexford Health Sources, Inc. was deliberately indifferent in the treatment of Plaintiff's cricoid cyst in violation of the Eighth Amendment; and

**Count 3:** Vipin Shah, Sara Stover, Lynn Pittman, and Wexford Health Sources, Inc. treatment of Plaintiff's cyst constituted intentional infliction of emotional distress.

(Doc. 10)

On January 7, 2020, Bogan filed his first amended complaint, replacing the John Doe defendants with Vipin Shah, Sara Stover, and Lynn Pittman (Doc. 18). On June 29, 2020, Bogan filed his Second Amended Complaint, adding as defendants John Baldwin, Deanna Brookhart, Lori Cunningham, Debbie Knauer, and L. Livingston (Doc. 48). Defendants Shah, Pittman, Stover, Stover, and Wexford ("Wexford Defendants") answered the Second Amended Complaint on July 6, 2020 (Doc. 53-56).

On April 30, 2021, Bogan filed the instant Motion to Compel (Doc. 82). In that Motion, Bogan indicates that he has requested certain documents from the Wexford Defendants, namely (i) an unredacted copy of Wexford's contract with IDOC, (ii) the curricula vitae for Shah, Pittman, and Stover, (iii) "Wexford's policy regarding requests for inmates to receive special services," (iv) "Wexford's policy regarding issues with inmates' throats," and (v) "Wexford's policy regarding their personnel following the recommendations of a medical specialist[.]"

Wexford Defendants oppose production of all these requests. They first argue that Wexford's contract with IDOC is unrelated to this action. Indeed, the Court agrees that whatever duties Wexford owes to IDOC have little bearing on whether Wexford failed to take constitutionally adequate care of Bogan. Wexford similarly argues that the curricula vitae of Shah, Pittman, and Stover are not relevant to this action. The Court again agrees— this action does not turn on whether Bogan was treated by sufficiently qualified personnel. There does not appear to be any dispute that Shah, Pittman, and Stover are all qualified

medical professionals. The issue is merely whether their treatment was so inadequate that it violated Bogan's constitutional rights.

As for requests (iii), (iv), and (v), the Wexford Defendants argue that these categories are confidential and proprietary, over-broad, and irrelevant. The Court agrees that, as drafted, these categories are indeed overly broad. Furthermore, in this particular action, the Court agrees that these requests are not wholly relevant. While the Court has ordered production on similar requests in other actions that alleged broad systemic failings in Wexford's internal processes for external patient referrals, Bogan's allegations deal with treatment of his medical problems and allege failings in one particular case. The question is whether Wexford's treatment of Bogan himself was inadequate, and this can best be ascertained simply by looking at Bogan's own medical records, rather than considering how Wexford typically responds to such requests for treatment.

Lastly, Wexford Defendants indicate that Bogan's "sixth request" sought copies of his post-surgery medical records. Wexford Defendants indicate that they have already provided all medical records for Bogan and further contend that "the size of the cyst, any diagnoses of the cyst, and the cause of the cyst are not probative[.]" The Court is inclined to think that the requested records could be relevant to the action and would not conclude so quickly that they are not probative. As Wexford has represented on the record that it has already produced all of Bogan's medical records, including anything that would fall into the requested categories, however, the matter is moot. Thus, the Court denies Bogan's Motion to Compel (Doc. 82).

Bogan has additionally requested appointment of counsel. The Court has already denied appointment of counsel on a number of occasions in this action (Doc. 10, 69, 75, 79,

81). The Court's thinking on this issue has not changed, and Bogan's recent filings indicate that he is capable of representing himself. Accordingly, the Motion for Recruitment of Counsel (Doc. 90) is denied.

Lastly, Bogan has requested blank subpoena forms so that he can subpoena documents from a third party; this request the Court is able to grant. The Clerk must issue subpoenas on request of a party. Fed. R. Civ. P. 45(a)(3). But the Court has an obligation to protect persons subject to a subpoena and may preview subpoenas in order to ensure that the Court's subpoena power is not being abused. Fed. R. Civ. P. 26(b)(2)(C), 45(c); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996). Thus, the Court will send Bogan the requested subpoena forms, but he must return them to this Court for review and endeavor to avoid placing undue burden or expense on persons subject to his subpoenas, restricting his requests to information that is relevant to the claims or defenses.

As set forth above, the Court **DENIES** the Motion to Compel (Doc. 82) and Motion for Recruitment of Counsel (Doc. 90). The Court **GRANTS** the Motion for Subpoenas (Doc. 89) and **DIRECTS** the Clerk of Court to send Bogan ten blank subpoena forms, which Bogan shall complete and submit to this Court for review.

**IT IS SO ORDERED.**

DATED:   July 7, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**