## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO M. BOGAN,

            **Plaintiff,**

v.

                               **Case No. 3:19-CV-00590-NJR**

WEXFORD HEALTH SOURCES, INC.,
VIPIN SHAH, SARA STOVER, and
LYNN PITTMAN,

            **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Compel filed by *pro se* Plaintiff Antonio Bogan directed at Defendants Wexford Health Sources, Inc., Dr. Vipin Shah, Dr. Lynn Pittman, and Sara Stover, Nurse Practitioner ("Wexford Defendants") (Doc. 106). The Wexford Defendants filed a timely response to the motion (Doc. 110). Bogan's Motion for Appointment of Counsel (Doc. 115), Motion for Extension of Time (Doc. 130), and Motion for Status (Doc. 132) are also before the Court.

Bogan initiated this action in June 2019 alleging civil rights violations, pursuant to 42 U.S.C. § 1983, and state law tort claims relating to medical treatment received during his incarceration with facilities operated by the Illinois Department of Corrections ("IDOC"). After the Court's preliminary screening, Bogan filed an Amended Complaint with claims of deliberate indifference in violation of the Eighth Amendment and

intentional infliction of emotional distress in treating a cricoid cyst in his throat against the Wexford Defendants (Doc. 48).

MOTION TO COMPEL

In his Motion to Compel, Bogan asserts that the Wexford Defendants failed to properly provide answers to his interrogatories and refused to provide answers to nine of his requests for admission (Doc. 106). In opposition to his motion, the Wexford Defendants argue, generally, that many of the interrogatories are argumentative, seek confirmation of Bogan's own narrative of the case, contain multiple discrete subparts, and seek irrelevant or overly broad information.

Due to the detailed nature of the requests, objections, and Motion to Compel, the Court will review each of Bogan's requests and the Wexford Defendants' responses in turn.

I.   <u>Legal Standard</u>

This Court has broad discretion in discovery matters, including ruling on motions to compel. *See James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013). Generally, the parties are permitted to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. FED. R. CIV. P. 26(b)(1). Considering relevancy, information need not be admissible at trial if discovery seems reasonably calculated to lead to discovery of admissible evidence. *Id.* Regarding discovery, parties are entitled to a reasonable opportunity to investigate the facts—and no more. *Vakharia v. Swedish Covenant Hosp.*, No. 90-C-6548, 1994 WL 75055, at *2 (N.D. Ill. Mar. 9, 1994).

Rule 33 permits parties to serve upon each other interrogatories relating to any

matter that may be inquired into under Rule 26(b). FED. R. CIV. P. 33(a)(2). Parties seeking discovery may move for an order compelling an answer if a party fails to answer an interrogatory. FED. R. CIV. P. 37(a)(3)(B)(iii). An evasive or incomplete disclosure, answer, or response is considered a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4). Additionally, an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete or until a pretrial conference or some other time. FED. R. CIV. P. 33(a)(2). Moreover, the grounds for objecting to an interrogatory must be stated with specificity. FED. R. CIV. P. 33(b)(4).

Rule 36 empowers a party to serve on another party written requests for admissions of the truth of any matters within the scope of Rule 26(b)(1) relating to the pending action. FED. R. CIV. P. 36(a). An answering party may only assert lack of knowledge or information as a reason for failing to admit or deny a request if the party "states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). If a court finds an objection unjustified, "it must order that an answer be served." FED. R. CIV. P. 36(a)(6). Then, on finding that an answer does not comply with Rule 36, a court may either find that the matter is admitted or that an amended answer must be served. *Id.*

II.   <u>Bogan's Interrogatories</u>

  a.   Interrogatory No. 1

Bogan seeks the name and job title of the person responsible for acquiring his radiology report from Lawrence County Memorial Hospital and ensuring it was placed in his medical file. Bogan argues that the identity of this non-party is crucial to determining whether the Wexford Defendants followed the orders of an outside Ear, Nose, and Throat ("ENT") specialist. Conversely, the Wexford Defendants argue that this information is not relevant to such an inquiry or whether the Wexford Defendants were deliberately indifferent, because Bogan has subpoenaed and received copies of all communications and records from Lawrence Memorial Hospital to Lawrence Correctional Center regarding his MRI.

With respect to Interrogatory No. 1, the Court finds that the name and job title of this non-party is not relevant to whether the outside ENT specialist's recommendations were followed or whether the Wexford Defendants were deliberately indifferent to Bogan's medical needs, especially considering that Bogan has received copies of all communications from Lawrence Memorial Hospital to Lawrence Correctional Center regarding his MRI. The Court declines to compel any further response to this interrogatory.

  b.   Interrogatory No. 2

Bogan requests the name and job title of the person responsible for scheduling his follow up with the ENT specialist after his CT scan or MRI. The Wexford Defendants have agreed to withdraw their objection to this interrogatory and provide an answer to

Bogan. If Defendants have not already done so, the Court grants leave, and Defendants shall provide an answer to Bogan on or before **June 8, 2022.**

c.   Interrogatory Nos. 3 and 4

Bogan seeks an explanation for why his radiology report was missing from his medical file when he had a follow-up with Defendant Pittman three days after his CT or MRI scan. He also requests an explanation for why the radiology report was not acquired several months earlier, closer to the date of his scan. The Wexford Defendants argue that these interrogatories are argumentative and seek confirmation of a narrative Bogan has constructed to support his own case. Notably, Bogan has received documents from Lawrence Memorial Hospital, along with extensive medical records regarding his treatment, collegial referrals, specialist referrals, and outside visits, as well as his administrative records from IDOC. The Court agrees with the Wexford Defendants that these interrogatories are seeking confirmation of a narrative that comports with Bogan's view of the case. Access to his medical records in this case should provide Bogan with relevant information regarding the timing and delay, if any, of acquiring his radiology report and pertinent scans. The Court declines to compel any further response to these interrogatories**.**

d.   Interrogatory No. 5

Bogan seeks an explanation for why he was prescribed Vitamins B and C rather than pain relieving medication after informing the Wexford Defendants that the antibiotic and Ibuprofen had failed to relieve the pain in his throat. Again, the Wexford Defendants argue that this interrogatory is argumentative, seeks confirmation of a

narrative Bogan has constructed to support his own case, and contains multiple subparts. Defendants note that per the Court's Scheduling and Discovery Order, as well as Rule 33(a)(1), Bogan is limited to 15 interrogatories, including discrete subparts. The Court agrees that the interrogatory is multifaceted and improperly seeks to confirm Bogan's narrative that he received inferior treatment in lieu of pain medication, or that Defendants did not address his complaints of pain. The Court declines to compel any further response to this interrogatory.

e.   Interrogatory No. 6

Bogan seeks responses for two distinct questions: whether there are community standards of care for inmate medical care, and, if so, whether the care in this case was reasonable considering the ongoing pain that Bogan suffered. The Wexford Defendants lodge the same objections as with the prior interrogatory. The Court agrees that this interrogatory has multiple subparts. Additionally, whether community standards of care exist is irrelevant to the inquiry of whether any of these particular defendants were *deliberately indifferent* in treating Bogan's condition. Bogan's request regarding the reasonableness of the prescribed treatment given Bogan's ongoing pain seeks a narrative that aligns with his characterization of the case. As such, the Court will not compel any further response from the Wexford Defendants.

f.   Interrogatory Nos. 7, 8, 9, 10, and 11

In these interrogatories, Bogan asks Defendants to state their medical qualifications, how those qualifications led to each recommendation in treatment, and how each defendant was able to determine that Bogan received timely and effective

treatment. He also requested that each defendant explain how they were not deliberately indifferent. Bogan further asked whether each defendant had ever treated an individual with his condition, what treatment was provided, and within what timeline. Wexford, again, objected to these requests as overly broad, irrelevant, argumentative, and seeking a favorable narrative.

Not only do these interrogatories each contain multiple subparts, but many also seek irrelevant information and ask questions too broad to answer. For example, with respect to Interrogatory No. 11, it is not relevant what conditions each medical provider has treated in the past because prior treatment of other patients does not relate to whether any provider was deliberately indifferent in this case. Every medical condition is different and contains a multitude of variables for treating individual patients. Moreover, the Wexford Defendants must provide constitutionally adequate care to Bogan regardless of the conditions they have treated in the past. In Interrogatory No. 10, Bogan seeks an explanation as to how each defendant was not deliberately indifferent. Deliberate indifference is a legal standard that involves many considerations; Bogan's request is far too broad and not a question that Defendants can reasonably be expected to answer in response to an interrogatory. In fact, all of the discovery in this case is supposed to assist in understanding whether Defendants have been deliberately indifferent to Bogan's medical needs. The Court declines to compel any further response relating to Interrogatory Nos. 7, 8, 9, 10, and 11.

g.  Interrogatory No. 12

Bogan asked if, under community standards of care, it is reasonable to allow a painful cyst that caused difficulty swallowing, breathing, and sleeping to remain present nine months after an ENT specialist recommended surgical removal. The Wexford Defendants objected to this interrogatory because it is broad, burdensome, not limited in time or scope, and contains multiple subparts. The Court finds that this interrogatory improperly seeks overly broad information and contains several assumptions. Further, determining the reasonableness of a medical provider's action depends on more than community standards of care, a description of a hypothetical injury, and its respective symptoms. While the facts in this interrogatory mirror the general facts of the present case, the question is still hypothetical. The Court declines to compel any further answer to this interrogatory.

h.  Interrogatory No. 13

Bogan withdrew this interrogatory in his Motion to Compel.

i.  Interrogatory Nos. 14 and 15

In these interrogatories, Bogan seeks to understand Wexford's responsibility in overseeing scheduling of specialty care and follow-up appointments, whether follow up appointments are required at the earliest convenient time, and what role Wexford played in not ensuring the radiology report was immediately retrieved. He also seeks a narrative of Wexford's requirements for an inmate to qualify for specialty care, the procedures for requesting specialty care, and the timeliness of having care performed. The Wexford Defendants argue that all of these interrogatories contain multiple discrete subparts, and

that the Court has already sustained objections to similar requests for production seeking information related to the policies for receiving special services, policies regarding Bogan's specific type of condition, and policies regarding specialist recommendations (*See* Doc. 91). The Court agrees that these issues have already been substantially addressed. The interrogatories are also not particularly relevant as the case turns on whether Defendants' treatment of Bogan himself was inadequate, which can best be ascertained simply by reviewing Bogan's medical records, rather than considering how Wexford typically responds to such requests for treatment.

III.   <u>Bogan's Requests for Admission</u>

Bogan asks the Court to overrule the Wexford Defendants' objections to Request for Admission Nos. 1, 2, 3, 4, 5, 6, 8, 9, and 10. His requests for admissions include: whether a swollen throat causing pain and other problems is a serious medical condition; whether vitamins B and C are pain relievers; whether Wexford's policies classify ENT specialists as specialty care; whether Wexford has a policy of using standardized forms which boxes for urgent or non-urgent; and whether an 11-month delay in effective treatment for his painful cyst was reasonable in light of community standards of care. Bogan also sought admissions for whether a specialist recommendation should be promptly followed when other treatments are ineffective; whether the prison healthcare system showed problems in every area of the specialty care process from 2018 to 2019; whether one of his grievances did not require attention because it was not an emergency; and, finally, whether Defendants contacted Lawrence Memorial Hospital immediately upon discovering his medical file was missing a report.

The Wexford Defendants contend that these requests are improper hypotheticals unrelated to the facts of the case, applicable law, or opinions of either. Further, the Wexford Defendants specifically object to Request for Admission No. 10 (whether an 11-month delay in effective treatment for his painful cyst was reasonable in light of community standards of care) arguing that it is vague, ambiguous, and poorly written.

The Court finds that these requests, similar to some of Bogan's interrogatories, seek to ask hypothetical questions that bolster his narrative of the events in this case. *See Hopfinger v. City of Nashville*, No. 18-cv-1523, 2020 WL 1169342, at *3 (S.D. Ill. Mar. 11, 2020); *see also Storck USA, L.P. v. Farley Candy Co.*, No. 92-cv-552, 1995 WL 153260, at *3 (N.D. Ill. Apr. 6, 1995) (Plaintiff "will not be required to admit to such hypothetical admissions."). Although many of the requests mirror the underlying facts of this case, the requests are posed as hypothetical questions that cannot reasonably be admitted without speculation. The Court also agrees with Defendants that, as drafted, many of the requests are confusing, vague, and multifaceted. Other requests, such as No. 6 relating to the overall issues within the IDOC healthcare system, are not relevant to the primary issue in this case regarding constitutionally inadequate medical care for Bogan. As such, the Wexford Defendants' objections to Request for Admission Nos. 1, 2, 3, 4, 5, 6, 8, 9, and 10 are **SUSTAINED.**

Accordingly, Bogan's Motion to Compel (Doc. 106) is **DENIED**. If the Wexford Defendants have not provided Bogan with a response to Interrogatory No. 2, however, they shall do so on or before **June 8, 2022.**

MOTION FOR APPOINTMENT OF COUNSEL

Bogan filed a Motion for Appointment of Counsel (Doc. 115). When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Here, the Court previously found that Bogan has made a reasonable attempt to procure counsel on his own. The Court appreciates that Bogan's claim pertains to the treatment of a complex thyroid disorder; however, the complaint itself centers on: (i) whether Defendants addressed Bogan's pain and medical condition, and (ii) whether Defendants followed the recommendation of an ENT specialist (Doc. 48). Bogan has stated that he has experienced difficulty with discovery, and that he is concerned about his ability to litigate at the dispositive motion stage. Given Bogan's education, intelligence, and ability to litigate thus far, the Court finds that Plaintiff Bogan is capable of responding to Defendants' motions for summary judgment. Accordingly, the Court declines to appoint counsel at this time, though Bogan may refile a similar motion at a later time if the case survives summary judgment and he believes that counsel is necessary. Bogan's Motion for Appointment of Counsel (Doc. 115) is **DENIED**.

MOTION FOR EXTENSION OF TIME

Pending the resolution of his Motion to Compel, Bogan seeks an extension of time to respond to two separate motions for summary judgment (Docs. 117, 124). The

Court **GRANTS** Bogan's Motion for Extension of Time (Doc. 130). Bogan shall file his response to the pending motions for summary judgment on or before **July 13, 2022.**

CONCLUSION

The Court finds that the Wexford Defendants' responses to the interrogatories are appropriate; however, the Wexford Defendants, to the extent that they have not provided Bogan with a response to Interrogatory No. 2, shall do so on or before **June 8, 2022.** The Wexford Defendants' objections to Bogan's Requests for Admission are **SUSTAINED**. Bogan's Motion to Compel (Doc. 106) is otherwise **DENIED**.

Plaintiff Bogan's Motion for Appointment of Counsel (Doc. 115) is **DENIED**. Bogan's Motion for Extension of Time (Doc. 130) is **GRANTED,** and he shall respond to the pending motions for summary judgment on or before **July 13, 2022**. The Motion for Status (Doc. 132) is **DENIED as moot.**

**IT IS SO ORDERED.**

**DATED:   June 1, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**